UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNIS R. MILLER,

                        Plaintiff,

v.                                    **DECISION AND ORDER**
                                              06-CV-425S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

      1.      Plaintiff Dennis R. Miller challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since July 1, 1999, due to disc bulges, a disc herniation, and a torn left shoulder rotator cuff. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

      2.      Plaintiff first applied for disability insurance and social security benefits on October 25, 2001. After the applications were denied initially, plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Marilyn D. Zahm, who found that plaintiff was not disabled. (R. at 16-28).

      On December 24, 2003, plaintiff again applied for disability insurance and social security benefits, alleging that he was disabled due to a left shoulder and neck injury. After the applications were denied initially, Plaintiff appeared at a hearing before ALJ Paula Garrety, who considered the case *de novo*, and found that plaintiff was not disabled. (R. at 290-303).

Plaintiff exhausted his administrative remedies[1] and filed the instant action on June 28, 2006, challenging the ALJ's decision. Defendant subsequently filed a motion for Judgment on the Pleadings on December 22, 2006. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on August 1, 2007. For the following reasons, Defendant's motion is granted.

3.   A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.   "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on April 28, 2006.

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

5.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

6.   This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the

[Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 20, 2003 (R. at 294); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 294-95); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 295-96); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[2] (R. at 296); (5) Plaintiff was unable to perform his past relevant work, but considering his residual functional capacity, age, education, and work experience, he

---

[2] In particular, the ALJ found that Plaintiff had the following residual functional capacity: "light work that does not involve tasks requiring repetitive lifting above the left shoulder, the full arc range of motion of the left shoulder, and repetitive fine motor movements of the left hand." (R. at 296).

is capable of performing jobs that exist in the national economy and is therefore not disabled.  (R. at 302-03).

9. Plaintiff asserts a number of challenges to the ALJ's decision.  First, Plaintiff contends that the ALJ failed to properly evaluate the medical evidence. Specifically, Plaintiff claims that the ALJ failed to discuss the opinion of Dr. Bagnall, rejected the opinion of Dr. Singh without setting forth her reasons, and improperly rejected the opinion of Dr. Potempa.

As to Plaintiff's contentions regarding Dr. Bagnall. this Court finds that the ALJ did consider the opinion of Dr. Bagnall that Plaintiff suffered from a "temporary" disability.  (Dr. Bagnall's Reports, R. at 417-45; ALJ Decision, R. at 300 (discussing exhibit B-7F, Dr. Bagnall's Reports)).  The ALJ determined that Dr. Bagnall's evaluations were of "little weight" because they were made using New York State's Worker's Compensation Guidelines, rather than the Social Security Administration's Rules and Regulations.  (R. at 300).  Plaintiff concedes as much in his memorandum of law stating that "Dr. Bagnall's grading system for disability is obviously based upon New York Worker's Compensation Guidelines, so it is *difficult to tell what his opinion was about disability*." (Plaintiff's Mem. (Docket No. 12) at p. 5 (emphasis added)).  Because Dr. Bagnall evaluated Plaintiff's disability status under New York State Worker's Compensation Guidelines, rather than the Social Security Administration's Rules and Regulations, this Court finds that the ALJ did not err in considering his opinion and according it little weight.

As to Plaintiff's contention that the ALJ failed to explain her reasons for disregarding the opinion of Dr. Singh, this Court finds that the ALJ considered the opinion of Dr. Singh, and gave an adequate explanation for according it little weight.  The ALJ discussed in

5

detail Plaintiff's treatment with Dr. Singh and Dr. Singh's evaluations of Plaintiff. (R. at 299-301). The ALJ accorded Dr. Singh's opinion little weight because it was largely inconsistent with the medical evidence. (R. at 299-301; Defendant's Reply Mem. (Docket No. 13), at p. 3). As the Second Circuit has explained "the opinion of the treating physician is not afforded controlling weight where [it is] not consistent with other substantial evidence in the record." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). Accordingly, this Court finds that the ALJ did not error in according little weight to the opinion of Dr. Singh.

As to Plaintiff's contention that the ALJ improperly rejected the opinion of Dr. Potempa, this Court finds that the ALJ provided a sufficient explanation for rejecting Dr. Potempa's opinion. Note that Plaintiff concedes the ALJ provided a rationale for rejecting Dr. Potempa's opinion. (Plaintiff's Mem. at p. 6). Specifically the ALJ found that Dr. Potempa's opinion was not supported by the remainder of the medical evidence. (R. at 301). Accordingly, this Court finds that the ALJ did not err in rejecting the opinion of Dr. Potempa as inconsistent with substantial evidence in the record. See Halloran, 362 F.3d at 32 (holding that a treating physician's opinion is not controlling where it is inconsistent with substantial evidence in the record).

10.  Plaintiff next contends that the ALJ did not properly evaluate Plaintiff's testimony. Specifically, Plaintiff claims that the ALJ mischaracterized the nature of plaintiff's pain, and did not properly examine his claims of pain from gout. (Plaintiff's Mem pp. 7-8).

The ALJ need not rely solely on Plaintiff's subjective complaints of pain; rather, the ALJ is entitled to evaluate the record as a whole in determining Plaintiff's credibility. Credibility determinations are generally reserved to the Commissioner, not the reviewing

court.  Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar).  The ALJ is required to set forth the essential considerations upon which his or her decision is based, with sufficient particularity to enable the reviewing court to decide whether the disability determination was supported by substantial evidence.  See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he . . . mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

In the present case, the ALJ gave extensive reasoning for discrediting Plaintiff's subjective complaints of pain.  (R. at 296-98).  The ALJ found that Plaintiff's complaints of pain were not credible in light of Plaintiff's testimony concerning his day-to-day activities.  (R. at 297-98).  Furthermore, as to Plaintiff's complaints of pain from gout, the Court notes that the ALJ considered the testimony of Dr. Steven Dina, who found that Plaintiff had "no functional limitation" from "intermittent gout."  (R. at 298-99; 450).  Accordingly, this Court finds that the ALJ did not err in discrediting Plaintiff's subjective complaints of pain.

11.   Plaintiff lastly contends that the ALJ erred in evaluating the vocational information.  Specifically, Plaintiff claims that the ALJ improperly found, without hearing from a vocational expert, that there were a significant number of light jobs that Plaintiff could perform.  (Plaintiff's Mem., p. 8).

As Defendant has indicated in his response, the ALJ may rely on the medical-

vocational guidelines as a framework in the presence of non-exertional impairments, so long as those impairments do not impose a significant limitation on the range of work that would otherwise be possible.  20 C.F.R. §§ 404.1569a(d), 416.969a(d); <u>Bapp v. Bowen</u>, 802 F.2d 601, 605-06 (2d Cir. 1986).  The testimony of a vocational expert is necessary only where "a claimant's nonexertional impairments 'significantly limit the range of work permitted by his exertional limitations.'"  <u>Bapp</u>, 802 F.2d at 605-06 (quoting <u>Blacknall v. Heckler</u>, 721 F.2d 1179, 1181 (9th Cir. 1983)).

In the present case, the ALJ relied on the medical-vocational guidelines to determine the approximate number of jobs available to Plaintiff, without hearing testimony from a vocational expert.  (R. at 303).  There was no indiction, however, that Plaintiff suffered from nonexertional impairments that would "significantly limit" the range of work permitted by his exertional limitations.  Accordingly, the ALJ was not required to hear testimony from a vocational expert, and this Court finds that the ALJ did not err in relying on the medical-vocational guidelines.

12. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case.  Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination.  This Court finds no reversible error in the ALJ's overall weighing of the evidence or in his credibility determination, and finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated:   September 3, 2007
        Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge